IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SAFIYA HIGH,                      )
                                  )
             Plaintiff,           )
                                  )
    v.                            )    1:14CV265
                                  )
GENESIS HEALTHCARE LLC,           )
                                  )
             Defendant.           )

                    **MEMORANDUM OPINION AND ORDER**

**OSTEEN, Jr., District Judge**

    Plaintiff Safiya High ("Plaintiff"), proceeding pro se, filed

this action alleging various claims of discrimination based on

race and retaliation.  Before this court are two motions made by

Defendant Genesis Healthcare LLC ("Defendant"): (1) Defendant's

partial motion to dismiss Plaintiff's claims under the

Whistleblower Protection Act[1] pursuant to Rule 12(b)(6) of the

---

[1] Defendant's second, third, and fourth "defenses" set out
in Defendant's Answer can be construed as Motions to Dismiss
because they were made pursuant to Rules 12(b)(1) and 12(b)(6)
of the Federal Rules of Civil Procedure. (See Def.'s Ans. (Doc.
22) at 17.)  Local Rule 7.3 requires that "[a]ll motions" be
"accompanied by a brief" and that "[e]ach motion shall be set
out in a separate pleading."  LR 7.3(a).  Local Rule 7.3's
requirement that a motion be filed in a separate pleading means
that a motion to dismiss must be filed separately from a party's
answer.  Contrary to that rule, Defendant has attempted to make
three motions to dismiss in its Answer and has labeled them as
defenses. (Def.'s Ans. (Doc. 22) at 17.)  Because no brief has
been submitted nor has any basis for such a motion been
specifically identified, this court will not consider
Defendant's "defenses" at this time to the extent they are
motions to dismiss pursuant to Rules 12(b)(1) and (6).

Federal Rules of Civil Procedure (Doc. 20), and (2) Defendant's Motion to Strike Plaintiff's Reply to Defendant's Answer and Affirmative Defenses and Plaintiff's Affidavit (Doc. 26). Plaintiff has responded in opposition to the motion to strike (Doc. 29), and the deadline has elapsed for Defendant to submit a reply. Both motions are now ripe for adjudication.

For the following reasons, Defendant's motion to dismiss Plaintiff's Whistleblower Protection Act claim will be granted and Defendant's motion to strike will be granted in part and denied in part.

I. **BACKGROUND**

Plaintiff filed this action on March 27, 2014, and subsequently filed an amended complaint (Doc. 17) on June 18, 2014, alleging discrimination based upon race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended ("Title VII"); and alleging violations of the Whistleblower Protection Act, 5 U.S.C. §§ 2301, et seq., as amended.

On August 6, 2014, Defendant filed its "Partial Motion to Dismiss Plaintiff's Amended Complaint." (Doc. 20.)[2] Plaintiff was

---

[2] Defendant had filed a previous motion to dismiss (Doc. 13) but this motion was mooted by the subsequent filing of an amended complaint by Plaintiff. See Matthews v. Consol. Grp. Claims, Inc., No. 1:98CV00268, 1998 WL 1037919, at *3 (M.D.N.C. Dec. 18, 1998).

mailed a Roseboro Letter, advising her of her right to respond to Defendant's Motion to Dismiss. (Doc. 23.) The time has expired for Plaintiff to respond to Defendant's Partial Motion to Dismiss. Nevertheless, it appears to this court that Plaintiff was attempting to respond to Defendant's Motion to Dismiss in filing her Reply. (See Pl.'s Mem. of Law in Supp. of Mot. in Opp'n of Def.'s Mot. to Strike (Doc. 30) at 2.) Recognizing that Plaintiff is proceeding pro se, this court will grant some latitude and consider Plaintiff's arguments in her Reply to the extent her arguments oppose Defendant's Partial Motion to Dismiss.

Also on August 6, 2014, Defendant filed its Answer to Plaintiff's First Amended Complaint. (Doc. 22.) Plaintiff then filed a Reply to Defendant's Answer and Affirmative Defenses (Doc. 24) with an accompanying affidavit prepared by Plaintiff (Doc. 25). Defendant subsequently filed a Motion to Strike both Plaintiff's Reply and Plaintiff's Affidavit (Doc. 26), and Plaintiff has responded (Doc. 29).

**II. ANALYSIS**

    **A. Motion to Dismiss**

This court first considers Defendant's motion to dismiss Plaintiff's Whistleblower Protection Act claim for failure to state a claim, pursuant to Rule 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible provided the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the non-moving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the "requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

In her amended complaint, Plaintiff claims that Defendant failed to "process her whistle complaint in violation of the Whistleblower Protection Act, 5 U.S.C. 2301." (Am. Compl. (Doc. 17) ¶ 78.) Defendant responds that, because Plaintiff is not a federal employee nor is Defendant a federal employer, Plaintiff's Whistleblower Act claim must be dismissed. (Mem. of Law in Supp.

of Def.'s Mot. to Dismiss Pl.'s First Am. Compl. (Doc. 21) at 1.) This court agrees.

The Whistleblower Protection Act was created to protect federal employees who work for the federal government and report agency misconduct.  See Whistleblower Protection Act of 1989, Pub. L. 101-12, § 2 (codified as amended at 5 U.S.C. § 2302(b)(8)). The Whistleblower Protection Act only protects employees in a "covered position" within an "agency," meaning that only employees of an executive branch agency or the Government Printing Office are protected from retaliation based on disclosure of information. See 5 U.S.C. § 2302(a)(2)(A)-(C). In contrast, employees that work for private companies are not protected by the Whistleblower Protection Act.  See Jurgensen v. Fairfax Cnty., Va., 745 F.2d 868, 871 (4th Cir. 1984) (recognizing that the federal Whistleblower Protection statute did not apply to an individual who was not a federal employee).

In this case, Plaintiff has not alleged that Defendant is a government agency within the meaning of the Whistleblower Protection Act.  Instead, Plaintiff alleges that Defendant is a privately-owned Delaware limited liability company.  (Am. Compl. (Doc. 17) ¶ 6.)  Additionally, Plaintiff has not alleged that she was in a "covered position" that qualifies for protection under the Whistleblower Protection Act.  This court assumes as true that

Plaintiff made complaints about her employer, but since Plaintiff was not a federal employee, those complaints were not protected by the Whistleblower Protection Act.

As a result, Plaintiff has not alleged facts that assert a plausible claim under the Whistleblower Protection Act, nor is it apparent that she could allege any facts to support such a claim.

Therefore, Plaintiff's Whistleblower Protection claim (Fourth Claim within her amended complaint) will be dismissed.[3]

**B.   Motion to Strike**

In addition to the Partial Motion to Dismiss, Defendant also requests that this court strike Plaintiff's Reply brief and accompanying affidavit (Docs. 24, 25) filed on September 22, 2014. (Def.'s Mot. to Strike Pl.'s Reply to Def.'s Ans. and Affirmative Defenses (Doc. 26).)

Rule 7(a)(7) of the Federal Rules of Civil Procedure allows for a party to file a reply to an opposing party's answer only "if the court orders one." Fed. R. Civ. P. 7(a)(7). This court did not order Plaintiff to submit this additional pleading.

---

[3] Dismissal of the Whistleblower Protection Act claim as opposed to allowing Plaintiff leave to amend her complaint is appropriate because further amendment would be futile in this instance. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409-10 (4th Cir. 2013). The amendment would be futile because the parties appear to agree that Defendant is a private employer and Plaintiff did not occupy a "covered position" within the definition of the Whistleblower Protection Act at the time she made her complaints.

Therefore, Defendant's Motion to Strike will be granted in part. The litigation will proceed based on the pleadings already before this court. (See Pl.'s Am. Compl. (Doc. 17); Def.'s Ans. & Affirmative Defenses (Doc. 22).) This Memorandum Opinion is not meant as a punishment or sanction levied against Plaintiff. Instead, this Memorandum Opinion merely clarifies what pleadings this court and the parties are to consider as they move forward.[4]

However, to the extent that Defendant requests this court to strike Plaintiff's Affidavit that accompanied Plaintiff's Reply, the motion to strike will be denied.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Partial Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. 20) is **GRANTED** and Plaintiff's Whistleblower Protection Act claim (Claim Four of Plaintiff's Amended Complaint) is **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Reply to Defendant's Answer and Affirmative Defenses

---

[4] Again, it appears that Plaintiff filed her Reply after receiving notice from the Clerk's office about Defendant's Motion to Dismiss, believing it was necessary to file a Reply to avoid having her case dismissed. (Pl.'s Mem. (Doc. 30) at 1-2.) Although Plaintiff was required to respond to Defendant's Motion to Dismiss, a Reply was not the correct format for Plaintiff's response to the Motion to Dismiss. As stated previously, this court has considered the arguments made in Plaintiff's Reply as they oppose Defendant's Partial Motion to Dismiss, but because a Reply was not necessary, this court will consider Plaintiff's Amended Complaint as her pleading moving forward in this litigation.

and Affidavit (Doc. 26) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Reply brief (Doc. 24) is **STRICKEN,** but Plaintiff's Affidavit (Doc. 25) will **NOT BE STRICKEN.**

This the 5th day of December, 2014.

_____
United States District Judge